**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EMMA LEE ANDERSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 02-CV-0196-CVE-FHM |
| | ) | |
| THE BOEING COMPANY and BOEING | ) | |
| NORTH AMERICAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION AND ORDER</u>**

Before the Court is Plaintiffs' Motion Objection [sic] in Part to Magistrate Judge McCarthy's

August 2, 2005 Order (Dkt. # 284), which is an appeal of a magistrate judge's order (Dkt. # 279).

Magistrate Judge McCarthy granted Boeing's Motion to Exclude Proposed Expert Testimony of

William E. Partin (Dkt. # 236).  In doing so, Magistrate Judge McCarthy concluded that due process

does not permit Partin's testimony concerning prior unrelated claims and judgments and that Partin's

opinions are speculative.  In addition, Magistrate Judge McCarthy held that expert testimony as to

punitive damages improperly invades the province of the jury.  Plaintiffs ask the Court to reverse

in part Magistrate Judge McCarthy's Order insofar as it might relate to testimony by Partin as to

back pay and net worth.  In reviewing the magistrate judge's order, this Court "shall consider such

objections and shall modify or set aside any portion of the magistrate judge's order found to be

clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

Originally, plaintiffs offered Partin's testimony to theorize about the impact of various

punitive damage awards on future corporate misconduct. Partin states he was engaged by plaintiffs

"to make calculations, collect and analyze data for the court's consideration when arriving at a

determination of punitive damages."   Partin 1/31/2005 Rpt. at 1.   Partin asserts that "[t]he information [herein] allows us to conclude that a punitive damage award must be very substantial (in the millions of dollars) to warrant sufficient attention by ownership to demand a change in the conduct of a large corporation."  Id. at 10.

In their objection, plaintiffs state that they no longer intend to use Partin's analyses of legal precedent, past legal and administrative claims against Boeing, or past penalties assessed against other large corporations.  Nor do plaintiffs seek reconsideration of Magistrate Judge McCarthy's finding that Partin's testimony on the effects of various punitive damage awards was speculative. Instead, plaintiffs recharacterize their expert's testimony, claiming it relates to back pay and net worth in connection with punitive damages.  (Plaintiffs' Motion Objection, Dkt. # 284, at 1).

The Court finds that Partin's opinions as to back pay[1] and net worth[2] are intrinsically intertwined with his improper legal analysis and speculation as to punitive damage awards.  The Court agrees with the magistrate judge that Partin's testimony would invade the province of the jury. See Voilas v. General Motors Corp., 73 F. Supp 2d 452 (1999); Hayes, 294 F. Supp. 2d at1251.

---

[1]   Partin's testimony is also duplicative of the testimony of plaintiffs' wage disparity expert, Bernard R. Siskin, Ph.D., who calculated the back pay amounts relied on by Partin.  Even more important, Partin includes back pay "disgorgement" to 1991 as a measure of punitive damages.  This is an improper attempt to circumvent this Court's findings as to the outside limits of the liability periods (2/5/99 as to the salary subclass and 3/12/00 as to the overtime subclass).  See Order, Dkt. # 191, at 60.

[2]   As in Hayes v. Wal-Mart Stores, Inc., 294 F. Supp. 2d 1249, 1251 n.1 (E.D. Okla. 2003), this Court notes the doubt surrounding the future of net worth as a factor in assessing punitive damages..

This Court is not holding that an accounting expert can never testify in the punitive damages stage as to a defendant's net worth.[3]  Here, however, the essence of Partin's testimony  is analysis of legal factors considered in determining punitive damage awards and speculation regarding the impact of these awards.  This testimony violates Fed. R. Evid. 702 because Partin has no special "knowledge skill, expertise, training, or education" on this issue.  Further, this Court will instruct the jury, if the punitive damages phase is reached, as to what factors it may properly consider in making such an award.  Magistrate Judge McCarthy correctly excluded Partin's testimony.

This Court finds that Magistrate Judge McCarthy's Order is not "clearly erroneous or contrary to law" and affirms the magistrate judge's exclusion of Partin's testimony in its entirety. See Fed. R. Civ. P. 72(a).  **IT IS THEREFORE ORDERED** that Plaintiffs' Motion Objection [sic] in Part to Magistrate Judge McCarthy's August 2, 2005 Order (Dkt. # 284) is **DENIED**.

**DATED** this 12th day of September, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]     Plaintiffs rely on Continental Trend Resources, Inc. v. Oxy USA Inc., 101 F.3d 634 (10th Cir. 1996), for the proposition that the Tenth Circuit there impliedly acknowledged the propriety of expert testimony as to calculation of economic loss, which the jury may rely on in awarding punitive damages. Id. at 640.  This Court, of course, agrees with that general proposition, and anticipates plaintiffs will present Dr. Siskin for such expert testimony. The problem here lies with how Partin extrapolated punitive damage "measures" from such economic loss testimony.